IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


FILED
OCT 0 1 2024
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JUSTIN A. DARBY

Criminal No. 24-207

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned an eleven-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1, 3 | Destruction, Alteration, or Falsification of Records in Federal Investigations<br>February 14, 2019<br>October 28, 2021 | 18 U.S.C. § 1519 |
| 2, 5, 7, 8, 9, 11 | Receipt and/or Attempted Receipt of Material Involving the Sexual Exploitation of a Minor<br>October 25-October 28, 2021 (Count 2)<br>September 30-October 22, 2021 (Count 5)<br>September 30, 2021 (Count 7)<br>October 7, 2021 (Count 8)<br>October 25– October 26, 2021 (Count 9)<br>February 6, 2024 (Count 11) | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |

| | | |
|---|---|---|
| 4 | Access with Intent to View Material Involving the Sexual Exploitation of a Minor<br>September 20, 2021 – October 29, 2021 | 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) |
| 6 | Distribution and Attempted Distribution of Material Involving the Sexual Exploitation of a Minor<br>September 30, 2021 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 10 | Sexual Exploitation of Children (Production and Attempted Production)<br>February 6, 2024 | 18 U.S.C. §§ 2251(a) and (e) |

## II. ELEMENTS OF THE OFFENSES

**A. As to Counts One and Three:**

In order for the crime of Destruction, Alteration, or Falsification of Records in Federal Investigations, in violation of Title 18, United States Code, Section 1519, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly altered, destroyed, concealed, or covered up any record or document;

2. That the defendant acted with the intent to impede, obstruct, or influence the investigation of a matter; and

3. That the matter was within the jurisdiction of an agency of the United States.

Title 18, U.S.C. § 1519.

**B. As to Counts Two, Five through Nine, and Eleven:**

In order for the crime of Receipt/Distribution and Attempted Receipt/Distribution of Material Involving the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the

following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly received/distributed, or attempted to receive/distribute, any visual depiction using any means or facility of interstate or foreign commerce, or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign comer or in or affecting interstate or foreign commerce, or mailed;

    2.    That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the visual depiction was of such conduct; and

    3.    That the defendant knew such visual depiction was of a minor engaged in sexually explicit conduct.

Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

**C.    As to Count Four:**

In order for the crime of Access With Intent to View Material Involving the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly accessed with intent to view any visual depiction;

    2.    That the visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign

commerce, or had been produced using materials which had been mailed, shipped, or transported by any means, including by computer;

    3.    That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the visual depiction was of such conduct;

    4.    That the defendant knew such visual depiction involved a minor engaged in sexually explicit conduct; and

    5.    That the visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

**D.    As to Count Ten:**

In order for the crime of Sexual Exploitation of Children (Production and Attempted Production), in violation of Title 18, United States Code, Sections 2251(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256;

    2.    That the defendant intended that the minor engage in sexually explicit conduct;

    3.    That the purpose for using, persuading, inducing, or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct; and

4. That the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate commerce or in and affecting interstate or foreign commerce or mailed, or that such visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer, or that the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate commerce or mailed.

Title 18, United States Code, Sections 2251(a) and (e).

### III. PENALTIES

**A. As to Counts One and Three: Destruction, Alteration, or Falsification of Records in Federal Investigations (18 U.S.C. § 1519):**

1. A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 1519).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2)).

4. Any or all of the above.

**B. As to Counts Two, Five through Nine, and Eleven: Receipt/Distribution and/or Attempted Receipt/Distribution of Material Involving the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution,

shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be imprisoned not less than fifteen (15) years nor more than forty (40) years.

      2.      A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

      3.      A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

      4.      Any or all of the above.

      **C.**      **As to Count Four: Access With Intent to View Material Involving the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

      1.      Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than 10 years nor more than 20 years. (18 U.S.C. § 2251(e).

      2.      A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

      3.      A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

      4.      Any or all of the above.

      **D.**      **As to Count Ten: Sexual Exploitation of a Minor (Production and Attempted Production)(18 U.S.C. §§ 2251(a) and (e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10 or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(e)).

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. Supervised release for any term of years not less than five (5) years, or life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts Two and Four through Eleven, an additional special assessment of $5000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Count Four, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018 and the offense is under § 2252(a)(4).

With respect to Counts Two, Five through Nine, and Eleven, pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $35,000.00 shall be assessed, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography as defined in 18 U.S.C. § 2259(c)(3).

With respect to Count Ten, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

As to Counts Two, Four through Nine, and Eleven, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Heidi M. Grogan*
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184